James H. WATERS, Plaintiff,

v.

COLLINS & AIKMAN PRODUCTS CO.; Harold Rogers; Millard King; and William Waters Defendants.

No. 1:02CV69–C.

United States District Court,
W.D. North Carolina,
Asheville Division.

July 1, 2002.

Allan P. Root, Weaverville, NC, for plaintiff.

Larry McDevitt, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, PA, Charles K. Howard, Jr., Erik C. Johnson, Littler Mendelson, Atlanta, GA, for defendants.

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendants' Motion to Dismiss in accordance with 28, United States Code, Section 636(c). The court has considered the written arguments of the parties and finds, for the reasons discussed below, that defendants' Motion to Dismiss must be granted in part and denied in part. The court has also reviewed plaintiff's Notice of Partial Dismissal.[1]

The following factual summary is not intended to bind the court or the parties; it is intended only to aid in the decision-making process on the present Motion to Dismiss. Defendants have moved pursuant to Rule 12(b), Federal Rules of Civil Procedure, for dismissal of a number, but not all, of plaintiff's claims, contending that plaintiff has failed to state cognizable claims. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts … a claim must be dismissed, without regard to whether it is based on outlandish legal theory …. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.*, at 1832 (citation omitted). For the limited purpose of ruling on defendants' motion, the facts alleged by plaintiff in the complaint have been accepted by the court as true and viewed in a light most favorable to plaintiff.

In his complaint, plaintiff primarily contends that he was discharged from his employment as a human resources manager based on his age and in retaliation for opposing discriminatory practices. In supplemental claims, plaintiff has also alleged that defendants tortiously interfered with his alleged contract of employment and that defendants' acts violated North Carolina public policy. Defendants have moved for dismissal of a number of plaintiff's claims, contending that they are not viable as a matter of well-settled law.

---

1. The court has reviewed and considered plaintiff's "Notice of Partial Dismissal," and while the court appreciates the diligence of counsel, such pleading has no impact on the matters pending for resolution, inasmuch as Rule 41, Federal Rules of Civil Procedure, is not a vehicle for dismissal of separate claims, but only for entire actions. *See Gahagan v. N.C. Highway Patrol*, 1:00cv52, docket entry 29, pages 3–4 (W.D.N.C. October 25, 2000) (Thornburg, J.)

## A. Motion to Dismiss ADEA Claims Against Individual Defendants

In paragraphs 10 through 25 of the complaint, plaintiff asserts that the individual defendants, all of whom are agents and employees of the corporate defendant, violated the Age Discrimination in Employment Act ("ADEA"), in that they shared the age animus of the corporate defendant and participated in the alleged retaliation against plaintiff for complaining about discrimination. Defendants contend that supervisors and agents, such as the individual defendants, are not subject to suit under ADEA as a matter of law because they are not "employers." This issue has been resolved authoritatively by the Court of Appeals for the Fourth Circuit in *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994), where the appellate court held that the definition of "employer" could not be read to include agents and supervisors. The *Birkbeck* decision is binding on this court. Plaintiff's claims against the individual defendants for discrimination and retaliation under the ADEA, therefore, will be dismissed.

## B. Motion to Dismiss Title VII Claims

In asserting his claims for discrimination based on age and for retaliation based on opposing age and disability discrimination, plaintiff has attempted to invoke the protections of Title VII, which prohibits discrimination based on "race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). In this particular case, the only protections that plaintiff may assert are found in the ADEA and in the Americans with Disability Act ("ADA"), not Title VII. While courts adopt schemes of proof developed in Title VII, claims for substantive violations and retaliation for age and disability discrimination are found exclusively in the ADEA and ADA, respectively. Defendants' Motion to Dismiss plaintiff's Title VII claims will be granted, and such claims will be dismissed in their entirety.

## C. Motion to Dismiss Wrongful Termination Claims Against Individual Defendants

The individual defendants have moved to dismiss plaintiff's claims that they wrongfully terminated his employment in violation of North Carolina public policy, found in the state's Equal Employment Practices Act ("EEPA") and which specifically prohibits discrimination based on age. This district has long held that "North Carolina does not recognize a claim against a supervisor in an individual capacity for wrongful discharge in violation of public policy." *Cox v. Indian Head Industries, Inc.*, 187 F.R.D. 531, 536 (W.D.N.C. 1999). The individual defendants' motion will be allowed.

## D. Corporate Defendant's Motion to Dismiss Claim of Tortious Interference With Contractual Relations

Plaintiff has also claimed that the corporate defendant tortiously interfered with his contract of employment, even though the contract was supposedly by and between plaintiff and the corporate defendant. North Carolina decisions and federal case law interpreting North Carolina law have held consistently that a party to a contract cannot tortiously interfere with that contract. *Wagoner v. Elkin City Schools' Bd. of Ed.*, 113 N.C.App. 579, 587, 440 S.E.2d 119 (1994); *Michaux v. Rexnord Corp.*, 2001 WL 1019852, *1, 2001 U.S. Dist. LEXIS 13164, *2 (W.D.N.C. 2001). In what appears to be either a decisional aberration by the court or an overly broad reading by the Bar, the North Carolina Court of Appeals may have allowed a claim for tortious interference with contract to go forward against a party

to that contract under a theory of ratification of the acts of its agents and supervisors.[2] *Barker v. Kimberly–Clark Corp.*, 136 N.C.App. 455, 463–64, 524 S.E.2d 821 (2000). This court will not follow that decision, because reading it in a manner that would allow a claim of tortious interference to be maintained against a maker of a contract would fly in the face of well-settled and controlling precedents and common sense.[3] Where a maker interferes with a contract, the cause of action is one for "breach," and there simply is no need to supplant, supplement, or duplicate that cause of action.

### E. Individual Defendants' Motion to Dismiss Tortious Interference Claims

■ The court has reviewed closely the cited decisions of the Western District of North Carolina that predate the decision of the North Carolina Court of Appeals in *Bloch v. Paul Revere Life Ins. Co.*, 143 N.C.App. 228, 239, 547 S.E.2d 51 (2001), and finds that the *Bloch* decision holds that a cause of action exists for tortious interference with an at-will contract of employment. While the court agrees with defendants that the *Bloch* court does not

go into great detail, the court cited precedent which fully supported its decision. Indeed, the North Carolina Supreme Court in *Smith, supra*, reasoned that a cause of action for tortious interference with an at-will contract states a claim because, while an employment contract may be terminable at the will of the parties, it is not terminable at the will of third parties. *Id.*, at 85, 221 S.E.2d 282. The claims against the individual defendants, therefore, will go forward.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (# 8) is **GRANTED** in part and **DENIED** in part, as follows:

(1) plaintiff's ADEA claims for discrimination and retaliation asserted against the individual defendants are **DISMISSED**;

(2) plaintiff's Title VII claims are **DISMISSED**;

(3) plaintiff's wrongful termination claims asserted against the individual defendants are **DISMISSED**;

(4) plaintiff's claim of tortious interference with contract asserted against the

---

2. The court has read closely the entire decision in *Barker,* and it would appear that the cause of action which plaintiff is attempting to assert herein was created not by the Court of Appeals, but by the drafters of the "summary" and the "headnotes." In *United States v. Detroit Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499 (1906), the United States Supreme Court held, as follows:

   "[T]he headnote is not the work of the court, nor does it state its decision. . . . It is simply the work of the reporter, gives his understanding of the decision, and is prepared for the convenience of the profession in the examination of the reports."

   Nowhere in the text of the opinion does the appellate court discuss the cause of action to which the theory of "ratification" applies.

   Rather than infer creation of a cause of action that is inconsistent with precedent, it

would appear to be more logical to infer that the appellate court was referring to plaintiff's claim of defamation and the alleged corporate ratification of its employees' defamatory statements—a claim which was discussed in the paragraph immediately preceding the paragraph discussing the theory of ratification.

3. The court notes that Judge Greene authored the decision in *Elkins*, and concurred in the *Barker* opinion. Not only would the appellate panel decision in *Barker* conflict with the earlier panel decision in *Elkins*, it would also conflict with the well-settled decision of the North Carolina Supreme Court in *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976), if *Barker* were read to create a common-law claim for tortious interference by a maker through ratification.

corporate defendant is **DISMISSED**; and

(5) defendants' Motion to Dismiss plaintiff's claims of tortious interference with contract asserted against the individual defendants is **DENIED**.

**IT IS FURTHER ORDERED** that defendants answer or otherwise respond to the complaint, as it is now constituted, within 20 days of receipt of this Order.